**LYNCHBURG TRAFFIC BUREAU (CORP.), Appellant,**

v.

**SMITH'S TRANSFER CORPORATION OF STAUNTON, VIRGINIA, Appellee.**

No. 8653.

United States Court of Appeals Fourth Circuit.

Argued Oct. 3, 1962.

Decided Nov. 5, 1962.

Wilbert G. Burnette, Lynchburg, Va., for appellant.

Bryce Rea, Jr., Washington, D. C. (Watkins & Rea, Washington, D. C., on brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

SOBELOFF, Chief Judge.

This case, which has a rather extensive history, now comes before us on appeal for the third time. Lynchburg Traffic Bureau is a non-profit corporation created to assist shippers and receivers of freight in and near Lynchburg, Virginia, in local pickup, consolidation, movement, and delivery of shipments. The litigation was begun on February 25, 1958, when the Bureau instituted an action in the United States District Court for the Western District of Virginia against Smith's Transfer Corporation. of Staunton, Virginia, a common carrier. The complaint recited that the carrier had been charging unreasonable rates and overcharges with full knowledge that the rates collected were unlawful.

After the District Court declined to grant a motion to dismiss, the defendant carrier then brought in this court a petition for mandamus to command the District Judge to dismiss the suit. We denied mandamus on the sole ground that the petition was tantamount to a premature appeal. Smith's Transfer Corp. v. Barksdale, 259 F.2d 498 (4th Cir. 1958).

Shortly afterwards the United States Supreme Court decided T.I.M.E. Inc. v. United States, 359 U.S. 464, 79 S.Ct. 904, 3 L.Ed.2d 952 (1959), holding that a shipper of goods by a certified common carrier may not challenge in a federal district court the reasonableness of a carrier's past charges made in accordance with the applicable tariffs. Relying upon the T.I.M.E. decision, the defendant carrier filed a motion for judgment on the pleadings on the ground that its freight charges were "properly computed at applicable rates duly filed with the Interstate Commerce Commission." The District Court then gave summary judgment for the defendant.

On appeal from this order, we remanded "because of the obscurity of the facts alleged," to afford the plaintiff an opportunity, if so advised, to seek permission from the District Court to file an amended complaint alleging facts which, if they exist, might entitle it to relief. Lynchburg Traffic Bureau v. Smith's Transfer Corp., 285 F.2d 743 (4th Cir. 1961). Our mandate specifically directed that "Before leave to amend is granted, the District Court should be satisfied by the plaintiff that the amended complaint will allege and the plaintiff intends to prove that the rates actually charged exceed the applicable filed rates; otherwise nothing could be gained by permitting amendment." Ibid, 745–746.

In April, 1961, plaintiff filed its amended complaint. In addition it brought a new and separate action claiming that defendant had similarly charged illegal rates and overcharges in 1958, 1959, and 1960, as in the earlier years, 1953 to the filing of the original action. The two actions were consolidated and tried without a jury on November 22, 1961. From the evidence presented the District Court found that the challenged freight rates paid by the plaintiff had in fact been duly filed with the I.C.C. as the applicable tariffs for the transportation performed by defendant during the period in question. It also appeared beyond question that while the Commission had criticized these past rates and had admonished the defendant to voluntarily adopt corrective measures, it did not see fit to cancel those rates until new rates were filed on July 2, 1960—after the transportation of the shipments here in question. Concluding that the T.I.M.E. decision governed the issues raised, the District Court held that the plaintiff was entitled to no remedy and accordingly dismissed the consolidated actions.

From an examination of the record as a whole, we are convinced that the District Court's findings are amply supported by the evidence and are clearly correct. The plaintiff asserted that the defendant exacted from it charges greater than those made for similar transportation between more distant points. However, it was shown at the hearing that additional charges were made for the pickup service on the shipments between those points—

charges not imposed on the plaintiff. Thus, it was made affirmatively to appear that the challenged rates from New York to Lynchburg resulted in lower aggregate charges to plaintiff than those cited by it for comparison. Plaintiff's vigorous argument that the T.I.M.E. decision is distinguishable is without merit for the reason that the past charges which are attacked as unreasonable were contained in rate schedules duly filed with the Commission and still remaining undisturbed when the charges were made.

Our conclusion that the plaintiff has failed to carry the burden of proof "that the rates actually charged exceed the applicable filed rates;" Lynchburg Traffic Bureau v. Smith's Transfer Corp., supra, 285 F.2d at 746, is dispositive of the case, making it unnecessary to consider plaintiff's other contentions.

Affirmed.