STEFFKE FREIGHT COMPANY, a corporation, Plaintiff-Appellant,

v.

NORTHWESTERN STEEL AND WIRE COMPANY, a corporation, Defendant-Appellee.

No. 14319.

United States Court of Appeals Seventh Circuit.

March 16, 1964.

Leonard R. Kofkin, Chicago, Ill., Carl L. Steiner, Arnold L. Burke, Axelrod, Goodman & Steiner, Chicago, Ill., for appellant.

Eugene T. Devitt, Chicago, Ill., for appellee.

Before DUFFY and SCHNACKENBERG, Circuit Judges, and MERCER, District Judge.

MERCER, District Judge.

The only issue before us on this appeal by plaintiff is the question whether the court below properly construed the provisions of the Central States Motor Freight Bureau Tariff No. 280–H, I.C.C. No. MF–ICC 944, as it applies to the agreed facts involved in this litigation.

Plaintiff is a common carrier of freight by motor vehicle operating in commerce pursuant to authority granted by the Interstate Commerce Commission. As such common carrier, plaintiff is required to publish and file with the I.C.C. tariffs governing its rates for the transportation of commodities in commerce. 49 U.S.C. § 317(a).

Defendant is, inter alia, a steel wire manufacturer, with its principal place of business in Sterling, Illinois. During 1962, at defendant's instance and request, plaintiff transported a number of shipments of steel wire from defendant's plant in Sterling to Battle Creek and Albion, Michigan. Each such shipment was of more than 30,000 pounds weight.

It is not disputed that each such shipment was governed by Tariff No. MF–ICC 944. Section 2 thereof fixes specific commodity rates of sixty-two cents and sixty-five cents, respectively, per hundredweight for shipments from Sterling, Illinois, to Battle Creek and Albion, Michigan, on shipments of a minimum

weight of 20,000 pounds. Section 3 thereof provides a rate of fifty cents per hundredweight for shipments from Sterling to Detroit, Michigan, on shipments of a minimum weight of 30,000 pounds.

Since Detroit is more distant from Sterling than either Battle Creek or Albion, and since all shipments involved in litigation were more than 30,000 pounds, defendant took the position that the Intermediate Points Rule of the ICC as contained in the tariff should apply. The Intermediate Points Rule, in summary, provides that whenever a specific commodity rate is not provided by a tariff from a particular point of origination to a particular point of destination, the rate provided by the tariff for the next most distant point of destination over the same route shall be applied as the rate governing any shipment to such intermediate point.[1] Accordingly, defendant contended that it was entitled to apply the published rate between Sterling and Detroit, in lieu of the published rates between Sterling and Battle Creek and Albion, to the shipments involved in this suit. Upon the basis of that position, defendant moved for summary judgment in its favor. In the court below it conceded that if the Intermediate Points Rule was applied plaintiff was entitled to judgment in the amount of $2,632.20, but that if the Intermediate Points Rule did not apply plaintiff was entitled to judgment in the amount of $6,587.57.

The trial court, applying a rule of reason and stating that it was unreasonable "to penalize" a shipper by the construction placed on a tariff, adopted defendant's theory of the case, granted its motion for summary judgment and entered judgment for plaintiff in the amount of $2,632.20.

 It is clear that the court below erred in that respect. The Intermediate Points Rule is unambiguous. It can be applied only in the absence of a specific commodity rate stated in the applicable tariff between given origination and destination points. Sun Oil Co. v. Central R. Co., 301 I.C.C. 558, 560; Firestone Tire & Rubber Co. v. Southern Pacific Co., 243 I.C.C. 157, 159; Iron and Steel Articles, Minimum Charges to Dover, Ohio, 21 M.C.C. 35, 36. The tariff here in issue states specific rates from Sterling, Illinois, to Battle Creek and Albion, Michigan, which apply to shipments of 20,000 pounds or more. Its stated minimum of 20,000 pounds clearly contemplates application of such rates to all shipments in excess of that minimum weight.[2] Thus, no construction of the tariff was necessary, and it was error to apply the Intermediate Rule thereto.

 We think the court below failed to recognize a vital distinction between rate cases arising under part II of the Act, related to motor carriers, 49 U.S.C. § 301 et seq., and parts I and III of the

1. "Item 120 * * * when any point of destination is not provided in this tariff with a commodity rate on a given article from a particular origin over a particular route, and such destination is between the considered origin and a point to which a commodity rate on the article is published herein over the same route from such origin, apply on such article the commodity rate to the next more distant point to which a commodity rate is named thereon over the considered route through the intermediate point * * *."

2. Defendant's principal argument is prefaced upon a contention that a stated minimum poundage must be included as a part of a specific commodity rate. It argues that the tariff contains no specific rates for the shipments involved because

it provides no rates to Battle Creek and Albion for shipments of a minimum weight of 30,000 pounds. Its argument then relies upon the language of an addendum to Section 2 of the tariff that, "If the charge accruing under Section 3 of the tariff is lower than the charge accruing under this section on the same shipment, over the same route, the charge accruing under Section 3 will apply."

The net effect of that argument is to read uncertainty into this tariff although no uncertainty exists. It equates "minimum load" with "commodity rate" to avoid the plain provisions of Section 2 and to lead Section 3 into the picture via the Intermediate Points Rule. The argument is fallacious. The language used in Section 2 establishing rates to the points in issue must be given its plain meaning.

Act, relating, respectively, to rail and water carriers. 49 U.S.C. §§ 1 et seq., 901 et seq. Under the latter, reasonableness of a published rate may be an issue in a suit by or against a shipper, whereas under the former, reasonableness cannot be an issue. T.I.M.E., Inc. v. United States, 359 U.S. 464, 79 S.Ct. 904, 3 L. Ed.2d 952; Lynchburg Traffic Bureau v. Smith's Transfer Corp., 4 Cir., 309 F.2d 678. Thus, there was in this case no authority to look beyond the published tariff to determine whether plaintiff's charges were or were not reasonable.

The judgment is reversed and the cause is remanded to the court below with directions to enter judgment for plaintiff in the amount of $6,541.19, that being the amount prayed in its complaint.

Reversed and remanded.